UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MICHAEL MORRIS, | ) |
| *Petitioner*, | ) |
| v. | ) No.: 3:14-cv-325-TAV-CCS |
| STATE OF TENNESSEE, | ) |
| *Respondent*. | ) |

## MEMORANDUM

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Michael Morris ("Petitioner"), in which he challenges his 2004 guilty plea to possession of less than .5 grams of cocaine with the intent to sell. The Court ordered Petitioner to show cause why his petition, which was filed on July 11, 2014, should not be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (district court may *sua sponte* dismiss habeas petition as time-barred, after giving petitioner fair notice and an opportunity to be heard). Petitioner has responded to that order. For the following reasons, the Court finds that the petition is barred by the one-year statute of limitation. Accordingly, the petition for the writ of habeas corpus will be **DENIED** and this action will be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitation for state prisoners to file a habeas corpus petition in federal court; the limitation period generally runs from the date on which the judgment of conviction became final, with the provision

that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id*. § 2244(d)(2).

Petitioner did not appeal his conviction. He filed a petition for post-conviction relief in September of 2012, which was ultimately found to be time-barred. *Morris v. State*, 2014 WL 1323617 (Tenn. Crim. App. April 2, 2014), *perm. app. denied, id.*, (Tenn. June 25, 2014). At the time Petitioner filed his state post-conviction petition, the time for him to file a habeas corpus petition in this Court had long-since expired. *See Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (pending post-conviction petition "merely tolled, rather than reset," the one-year statute of limitation).

In response to the show cause order, Petitioner reiterates his claim that he received the ineffective assistance of trial counsel. He also claims that he received the ineffective assistance of counsel during his collateral post-conviction proceedings. Petitioner does not, however, address the fact that his habeas petition was filed well after the expiration of the one-year statute of limitation nor does he give any reason why his petition should not be dismissed as time-barred.

Accordingly, the petition for habeas corpus relief will be **DENIED** and this action will be **DISMISSED WITH PREJUDICE**. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate

Procedure.  The Court will further **DENY** Petitioner leave to proceed in forma pauperis on appeal.

       **AN APPROPRIATE ORDER WILL ENTER.**

                              s/ Thomas A. Varlan
                              CHIEF UNITED STATES DISTRICT JUDGE